

**FILED & ENTERED**

**JAN 12 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**M&H Junior, Inc.,**<br><br>　　　　**Debtor**. | Case No. 2:14-bk-17039-RK<br><br>Chapter 7<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CREDITOR HULEN MALL, LLC'S MOTION TO DISMISS THE CHAPTER 7 BANKRUPTCY CASE** |

　　　　Creditor Hulen Mall, LLC, ("Movant") filed a Motion for Order Dismissing Chapter 7 Bankruptcy Case ("Motion") on December 23, 2015. ECF 25. No opposition to the Motion has been filed.  Movant seeks dismissal with prejudice based on two grounds: (1) Debtor M&H Junior, Inc., ("Debtor") is a dissolved corporation and is therefore ineligible for bankruptcy relief, and (2) this bankruptcy is a two party dispute between Movant and Debtor.

　　　　The court will grant the Motion for the reasons stated in the moving papers and for lack of timely written opposition, which may be deemed consent to the granting of the

motion pursuant to Local Bankruptcy Rule 9013-1(h).  The court does not, however, grant dismissal with prejudice for the reasons given below.

"Dismissal with prejudice is limited to 'extreme situations,' and should only be ordered after (1) advance notice that dismissal with prejudice is at issue; (2) a separate evidentiary hearing on the issue of whether the case should be dismissed with prejudice (at which time, alternatives to dismissal with prejudice can be considered); and (3) an explicit court determination that dismissal with prejudice is the proper remedy under the circumstances."  March, Ahart and Shapiro, *Rutter Group California Practice Guide: Bankruptcy*, ¶ 5:2512 (online ed. 2014), *citing In re Ellsworth*, 455 B.R. 904, 922 (9th Cir. BAP 2011).

Although Movant argues that this is a "two-party dispute" and that Debtor filed this bankruptcy "to delay and frustrate" Movant in Movant's attempt to enter and enforce a monetary judgment against Debtor and its principal, Movant has not met the high bar required for dismissal with prejudice.  Movant has produced evidence that Debtor is a dissolved corporation under relevant state law – Texas, as the state of incorporation.  *See Request for Judicial Notice,* ECF 28, Exhibits 1-3.  Movant has also produced evidence that Movant and Debtor are currently engaged in litigation in Texas state court.  *Id.*, Exhibits 4-9.  These factors of corporate dissolution and pendency of litigation between the parties do not by themselves show an "extreme situation" to dismiss the case with prejudice.  Given the Ninth Circuit Bankruptcy Appellate Panel's acknowledgement that dismissal with prejudice is limited to "extreme situations," the court grants the motion for dismissal without prejudice rather than with prejudice because the evidence before the court does not show that the circumstances here warrant dismissal with prejudice.

//

//

2

1     For the reasons stated above, IT IS HEREBY ORDERED that the Motion is
2 granted in part and denied in part and that the bankruptcy case is DISMISSED WITHOUT
3 PREJUDICE.
4     The hearing on the Motion to Dismiss currently set for January 13, 2015 at 2:30
5 p.m. is hereby vacated.

###

Date: January 12, 2015

_____
Robert Kwan
United States Bankruptcy Judge

3